FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

SEP 2 8 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

RHONDA (MOSES) WARREN,      )
      )
     Plaintiff(s),      )
      )
     vs.      )     Case No. 1:97CV 176 LMB
      )
MISSOURI DIVISION OF      )
YOUTH SERVICES, et al,      )
      )
     Defendant(s).      )

## MEMORANDUM AND ORDER

This matter is before the court by consent of the parties under 28 U.S.C. § 636(c). The case was tried to a jury and a verdict was entered in favor of the plaintiff and against Defendant Missouri Division of Youth Services in the amount of $60,000.00 for plaintiff's lost wages and benefits through the date of the judgment and in the amount of $150,000.00 for plaintiff's other damages, for a total judgment in the amount of $210,000.00 on the sex discrimination claim of plaintiff. A verdict was returned in favor of the plaintiff and against the defendant, Division of Youth Services, in the amount of $60,000.00 for plaintiff's lost wages and benefits through the date of the judgment and $150,000.00 for plaintiff's other damages, for a total judgment in the amount of $210,000.00 as to the retaliation claim of plaintiff. A verdict was returned by the jury in favor of plaintiff and against Defendant Steve Prejean in the amount of $60,000.00 for plaintiff's lost wages and benefits through the date of the judgment and $150,000.00 for plaintiff's other damages and $100,000.00 for punitive damages, for an aggregate total of $310,000.00 on the sex discrimination claim under Title 42 U.S.C. § 1983. A judgment was entered in accordance with the verdicts.

Defendants timely filed Defendants' Motions for Judgment as a Matter of Law, for Amendment or Alteration of Judgment or, in the Alternative for a New Trial or Remittitur (Document #110). The plaintiff filed Suggestions in Opposition to Defendants' Motions (Document

#131

#120) and filed her Motion for Attorney's Fees and Expenses (Document #114). The final motion pending is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document #0 filed September 4, 2001), to which the plaintiff has filed a Memorandum in Opposition (Document #0 filed September 13, 2001).

## Amendment of the Judgment

In their motion for amendment or alteration of the judgment, the defendants argue that plaintiff suffered one injury – termination – and that the judgment should be amended or altered to show a joint and several recovery by the plaintiff against the defendants for the economic and non-economic damages. The court does not agree that the plaintiff suffered only one injury. First, the jury found that the Missouri Division of Youth Services terminated the plaintiff and that her sex was a motivating factor in its decision. The jury also found that the plaintiff was terminated as a means of unlawful retaliation against the plaintiff for filing a sex discrimination grievance. The jury further found against Steve Prejean personally on the 1983 claim for sex discrimination. The termination for reasons of sex discrimination and retaliation involved different motives, but the damages as contained in the evidence appear to have been the same. Certainly, the lost wages and benefits and other economic benefits lost by the plaintiff were the same. The other non-economic damages suffered by the plaintiff appear to have been the same regardless of which specific wrong the jury found had been committed against plaintiff.

In <u>Washburn v. Kansas City Life Insurance Co.</u>, 831 F.2d 404 (8th Cir. 1987), the plaintiff sought to recover, under alternative theories of liability, damages flowing essentially from what the court termed a single transaction, his termination from Kansas City Life. In plaintiff's case, as the court has noted, an added motivation the jury found in the plaintiff's unlawful termination was retaliation. However, a separate motive does not make the damages separable so that they could be apportioned. As the Court of Appeals for the Eighth Circuit stated in the <u>Washburn</u> case, "In this

type of situation, 'a plaintiff is not entitled to a separate compensatory damage aware under each legal theory. On the contrary, he is entitled only to one compensatory damage aware if liability is found on any or all of the theories involved.' Greenwood Ranches, Inc. v. Scie Constr. Co., 629 F.2d 518, 521 (8ᵗʰ Cir. 1980)." 831 F.2d at 1410-1411.

In Jackson v. City of St. Louis, 220 F.3d 894 (8ᵗʰ Cir. 2000), the plaintiff sued the City of St. Louis under Title VII and the City and an individual under 42 U.S.C. §§ 1981 and 1983. The Court of Appeals stated,

> As the district court noted, Jackson's claims under § 1981, § 1983, and Title VII "represented alternative theories of recovery for the same injuries." ... When a plaintiff has suffered a single or indivisible injury, the general rule is that "each tortfeasor is jointly and severally liable for the entire amount of damages." Lockard v. Missouri Pac. R.R., 894 F.2d 299, 305 (8ᵗʰ Cir.), cert. denied, 498 U.S. 847, 111 S.Ct. 134, 112 L.Ed.2d 102 (1990).

Id. at 897.

Consequently, the court will amend the judgment to find joint and several liability against the defendants for plaintiff's economic and non-economic damages.

## Other Arguments

The balance of the arguments offered by the defendants in their motions for judgment as a matter of law or in the alternative for a new trial or remittitur were all included in and argued in connection with their motions for judgment as a matter of law at the close of plaintiff's evidence and at the close of all the evidence. The court will not revisit those arguments except to say in connection with Defendant Prejean's argument for remittitur of the punitive damages awarded against him that considering the jury's award of economic damages of $60,000.00 and plaintiff's non-economic damages of $150,000.00, for a total of $210,000.00 actual damages, an award of $100,000.00 as punitive damages for the conduct of Mr. Prejean is not "so grossly excessive as to

shock the court's conscience." <u>Benny M. Estes & Associates, Inc. v. Time Insurance Co.</u>, 980 F.2d 1228, 1235 (8th Cir. 1992).

<u>**Motion for Attorneys' Fees and Expenses**</u>

Also pending before the court is Plaintiff's Motion for Attorneys' Fees and Expenses and Suggestions in Support (Dococument #114).[1] In her motion, plaintiff moves, pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54-802 of the United States District Court, Eastern District of Missouri, the court to award attorneys' fees in accordance with 42 U.S.C. § 2000(e)-5(k)[2] and 42 U.S.C. § 1988.[3] Defendants have filed a response to plaintiff's motion for attorneys' fee and expenses.

## I.    **Legal Standard**

"The District Court has discretion in determining the amount of the award because it has the greatest exposure to, and therefore understanding of, the proceedings before it." <u>Shrader v. OMC Aluminum Boat Group, Inc.</u>, 128 F.3d 1218, 1220 (8th Cir. 1997). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct.

---

[1] The court previously granted plaintiff leave to file an amended "exhibit A" to Plaintiff's Motion for Attorney's Fees and Expenses and Suggestions in Support. <u>See</u> Doc. No. 112.

[2] 42 U.S.C. § 2000e-5(k) provides, in relevant part, that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . "

[3] 42 U.S.C. § 1988(b) provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title . . . the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

1933, 1939, 76 L.Ed.2d 40 (1983). This starting point is also known as the "lodestar." See Forshee v. Waterloo Indus., Inc., 178 F.3d 527, 531 (8th Cir. 1999). A court has the discretion to reduce this award if "the documentation of hours is inadequate." Hensley, 461 U.S. at 433, 103 S.Ct. at 1933. One of the most important factors for the court to consider in determining the reasonableness of the fee is the degree of success obtained by the plaintiff. See Id. at 436, 103 S.Ct. at 1941; Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 772-73 (8th Cir. 2000).

With these principles in mind, the court will examine plaintiff's claims and defendants' objections.

## II. Lodestar Enhancement

In the present case, defendants do not contest the hourly rates plaintiff has submitted for her attorneys' fees.[4] Plaintiff does request, however, that the lodestar amount in this case be enhanced. To upwardly adjust the lodestar amount, the plaintiff "must establish that the quality of service rendered and the results obtained were superior to what one reasonably should expect in light of the hourly rates charged and the number of hours expended." In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992). Generally, only "cases of exceptional success" will justify an enhancement above the lodestar amount. See Hensley, 461 U.S. at 435, 103 S. Ct. at 1940. Although plaintiff's counsel did achieve a very favorable result in this case, plaintiff has not shown that such an enhancement is warranted. Plaintiff cites as justification for the enhancement misconduct of defense counsel at trial. In the court's judgment, this case did not involve conduct of the parties or attorneys warranting an enhancement of the fees in this case.

---

[4] The propriety of the hourly rates was supported by affidavits of practicing attorneys.

## III.   Attorneys' Fees[5]

Defendants assert numerous objections to plaintiff's fee requests. First, defendants assert that the number of plaintiff's billable hours are excessive. Plaintiff requests attorneys' fees for a total of 1,201.70 hours, 825.50 hours of which are attributable to Ms. Fryer, plaintiff's lead counsel. Defendants argue that Ms. Fryer's request for 825.50 hours is excessive because this case was not complex. Additionally, defendants contend that the hours Ms. Fryer devoted to preparing for and representing plaintiff at her Personnel Advisory Board (PAB) hearing should not be included in her request for fees.

The court finds that the 825.50 hours Ms. Fryer expended on behalf of plaintiff were reasonable. The hours Ms. Fryer devoted to representing plaintiff at the PAB hearing prior to the filing of the federal action are compensable under § 2000e-5(k). See Bobbitt v. Paramount Cap Mfg. Co., 942 F.2d 512, 514 (8th Cir. 1991)("An attorney's work done in connection with administrative proceedings is compensable under § 2000e-5(k) if the work product from [those] . . . proceedings was 'both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement.'"). Plaintiff utilized much of the evidence gathered in preparation for and at the PAB hearing in the present case. Specifically, plaintiff was able to present evidence at trial, gathered from the PAB hearing, related to her conspiracy claim against defendants.

In regard to the hours Ms. Fryer devoted to the federal civil rights complaint, those hours are also not unreasonable. As alluded to above, plaintiff asserted a conspiracy between a number of individuals who were involved in her dismissal. Such claims can be labor intensive both in

---

[5] In her motion, plaintiff seeks attorneys' fees totaling $149,596.50, of which $111,196.50 is related to Foland & Wickens, $32,812.50 is related to the Oliver Law Firm and $5512.50 is related to Lisa Lange. See Plaintiff's Ex. A at 39, B at 3, H at 3.

preparation and prosecution. The court does not believe the hours requested by plaintiff on behalf of Ms. Fryer are unreasonable.

Defendants cite the Supreme Court case of Webb v. Board of Educ. of Dyer County, Tenn.,471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), for the proposition that time spent by a plaintiff prior to the filing of her complaint seeking administrative remedies is not compensable in a later action. The Court in Webb ruled that since there was no requirement under § 1983 for a plaintiff to seek or exhaust his administrative remedies before bringing suit, the hours spent by plaintiff's attorney at a prior administrative hearing was not compensable under § 1988. See 471 U.S. at 240-242, 105 S.Ct. at 1927-28. However, the Court specifically differentiated between an award for attorney's fees under 42 U.S.C. § 2000e-5(k), which is required for a prevailing party, and an action under § 1983 which does not have a specific statutory authorization for attorneys' fees. Id. at 240-41, 105 S.Ct. at 1927. Accordingly, in the present action, defendant Prejean is not required to pay those attorneys' fees related to plaintiff's PAB hearing, 249.60 hours devoted by Ms. Fryer, .20 devoted by A.J. Seier and 12.70 hours devoted by Kimberly S. Essary, for a total of 262.50 hours.

The court will deduct from Ms. Fryer's hours 12.8 hours devoted to activities related to the researching the procedures of the PAB hearing and other activity that was not directly related to the federal litigation. Accordingly, the court will deduct $1600.00 from plaintiff's attorneys' fees.

Second, defendants assert that plaintiff is not entitled to fees and costs incurred in preparing the present application for attorneys' fees and costs. Defendants argue that the 39.3 hours Ms. Fryer devoted to researching and preparing the present motion was excessive.

"[T]he reasonable time spent preparing a motion for an attorney's fee award ordinarily should be included in calculating a reasonable fee." Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1140 (E.D. Mo. 1998)(citations omitted). The court does not believe these hours are excessive

given that plaintiff's motion for attorneys' fees and expenses is eighteen pages in length, has affidavits from four different attorneys, has resumes for nine different persons and three itemized lists of fees and expenses.

Third, defendant contends that the court should reduce plaintiff's requested fees to reflect her unsuccessful intentional infliction of emotional distress claim. Where the court is faced with a situation where "a plaintiff has achieved only limited or partial success, the court must consider in its award 'whether the expenditure of counsel's time was reasonable in relation to the success achieved.'" Wal-Mart Stores, Inc., 223 F.3d at 772 (citing Hensley, 461 U.S. at 436, 103 S. Ct. at 1941). "A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis." Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991).

The court does not believe that plaintiff's dismissed causes of action constituted discrete causes of action. The same, common nucleus of facts relevant to plaintiff's successful claims were also relevant to her unsuccessful claims. Given plaintiff's strong success on her Title VII claims, the court finds the plaintiffs' attorneys should be compensated for the time spent. Even though plaintiff's attorneys achieved excellent results, the lodestar fees are not being enhanced.

Fourth, defendants argue that plaintiff should not be compensated for hours spent drafting motions for extensions of time. In regard to this issue, the court is faced with two decisions having seemingly opposite results. Compare Summerville v. Trans World Airlines, Inc., No. 4:96CV 2379 MLM, 1999 WL 33134345, at *4 (E.D. Mo. Sept. 28, 1999)(denying request for attorneys' fees for the time spent in obtaining extensions of time) and Emmenegger, 33 F.Supp.2d at 1138 ("Although the court generally views motions for extension of time with some disfavor, it considers them to be part of the routine practice of law (defendants must as well: they filed well over half a dozen during the course of this litigation)").

- 8 -

The court finds that the ruling in Emmenegger is the rationale to be followed in the present case. The court notes that defendants have sought, and have been granted, six separate extensions of time during the course of the litigation of this case. Consequently, the court will not deduct the time spent on motions for extensions of time from plaintiff's attorneys' hours.

Fifth, defendants assert that plaintiff is not entitled to compensation for the time Ms. Fryer devoted to drafting the contingency fee agreement. Such fees are not recoverable. See Summerville, 1999 WL 33134345 at *4. The court finds that 1.2 hours, totaling $180.00, will be deducted from plaintiff's attorneys' fees. See Plaintiff's Exhibit A at 8.

Sixth, defendants contend that the court should deduct those hours attorneys and paralegals devoted to working on clerical or non-legal matters. Such matters are not to be billed at an attorney's or paralegal's rate. See Denesha v. Farmers Ins. Exchange, 976 F.Supp. 1276, 1291 (W.D. Mo. 1997)(overruled on other grounds). The court finds that some of the amount requested by plaintiff should be reduced. While it is clear that some of the tasks conducted by paralegal Audrey Rosich were legal-related and needed for effective litigation of this action, such as organizing and locating documents, it is unclear from plaintiff's submissions whether other actions were related to legal matters. Specifically, Ms. Rosich devoted 12 hours to reproducing exhibits, stamping exhibits and paying for copies. See Plaintiff's Ex. A at 25-26, 30, 32-33, 35. Accordingly, these acts are not compensable. Thus, $720, representing the 12 hours paralegal Audrey Rosich's devoted to plaintiff's case will be deducted from plaintiff's fees.

Plaintiff does not contest defendants' seventh assertion that the time Ms. Fryer spent discussing the case with a jury verdict service is not compensable. Thus, $75.00, reflecting one-half hour of Ms. Fryer's time, will be deducted.

Eighth, defendants argue that plaintiff should not receive fees related to the time devoted by her attorneys' in opposing defendants' trial brief. The court disagrees with defendants' assertion.

Plaintiff was within her right to file a response to defendants' trial brief. As plaintiff asserts, this is

not a situation similar to that found in Varner v. National Supermarkets, Inc., No. 4:93CV 663 JCH,

1996 WL 651349 (E.D.Mo. Aug. 23, 1995), where the court did not reimburse the prevailing party

for time devoted to a motion which was not submitted by that party in the case. In the present action,

plaintiff did file with the court a response to defendants' trial brief. Plaintiff was permitted to do so

by the trial court and will be compensated for those hours devoted to that motion.

## IV.   Costs[6]

Defendants also contest many of plaintiff's request for costs. Rule 54(d)(1) of the Federal

Rules of Civil Procedure provide that "costs other than attorneys' fees shall be allowed as of course

to the prevailing party unless the court otherwise directs." A presumption exists under Rule 54 that

costs will be awarded and the district court has broad discretion in deciding whether to award such

costs. Summerville, 1999 WL 33134345 at *7 (citing Cantrell v. International Brotherhood of Elec.

Workers, 69 F.3d 456, 458 (10th Cir. 1995).

Defendants argue that plaintiff lacks sufficient documentation for the costs requested. [7]

Defendants first request the court to reject plaintiff's request for reimbursement for the costs of

computer assisted legal research. In her motion, plaintiff seeks reimbursement in the amount of

$8,170.85 for such research. In Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 (8th Cir.

1993), the Eighth Circuit Court of Appeals ruled that "the law of this Circuit is that computer-based

legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time

may not be added to the fee award." See also Lefwich v. Harris-Stowe State College, 702 F.2d 686,

695 (8th Cir. 1983)("[C]omputer-aided research, like any other form of legal research, is a

---

[6] In her motion, plaintiff seeks costs totaling $21,581.71, of which $3,740.90 are related to the Oliver Law Firm and $17,840.81 are related to Foland & Wickens, P.C. See Plaintiff's Ex. A at 42, 44, Ex. B at 4.

[7] Defendants do not object to compensation for the $150 federal filing fee.

component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award."). The courts in the Eastern District of Missouri have followed the Eighth Circuit's position on this issue, albeit reluctantly. See Emmenegger, 33 F.Supp.2d at 1136-37 ("The undersigned respectfully believes that this is an incorrect interpretation of the law, but is nonetheless bound to follow it."). Accordingly, the costs for computer assisted legal research totaling $8,170.85, will not be included as part of the costs in this case.

Second, defendants contend that most of the costs incurred at the Oliver Law Firm related to this action are not compensable because those costs are undated and not demonstrably connected to the activities of attorneys, paralegals or secretaries at the firm. Defendants specifically note that numerous telephone and Federal Express charges, listed as individual expenses in Plaintiff's Exhibit B, are not described so as to indicate the purpose of those phone calls or delivery charges. The listing of professional services specifies the attorney making the call, the person called, the length of the call and the date made. The telephone charges and Federal Express charges are individually listed on expenses with date and amount. The total telephone and Federal Express charges of $131.33 are sufficiently itemized.

Third, defendants also ask the court to reject plaintiff's request for reimbursement for copying costs. Defendants assert that plaintiff did not adequately describe those costs by failing to include in the itemized list the purpose for which those copies were made. In her itemized lists, plaintiff does not describe for what purpose the copying costs were specifically incurred. Instead, a brief notations such as "Copies," "Photocopies," "Copying: EX" and "17 copies at ten cents each" were utilized. See Plaintiff's Ex. A at 39-41; Ex. B at 3-4. However, the court is aware of the number of pleadings filed in this matter (4 volumes), the copying of which for the parties was necessary, the numbers of exhibits listed in the pretrial submissions and the courtesy copies of pleadings and briefs with exhibits as well as trial exhibits supplied to the court. The largest single

charge for copying, $538.54, is photocopies of exhibits from an outside source, Lanier. The court finds the amount claimed for copies not unreasonable.

Fourth, defendants argue that plaintiff failed to adequately describe telephone and fax costs found in her itemized list of costs. The descriptions given for these charges included "Long Distance Charges," "Long Distance Fax," or "Telephone Charges EX." In view of the numerous telephone calls identified in the listing of hours expended by attorneys under "Fees," $106.76 is not unreasonable.

Fifth, defendants assert that plaintiff should not be reimbursed for costs related to a subpoenaed party, Carl Adams, who did not testify at trial. The court finds that plaintiff will be compensated for the costs related to this witness. His appearance at trial was relevant to the action and the failure to call him as a witness at trial by plaintiff was reasonable given the circumstances.

Sixth, defendants also assert that the costs related to subpoenaing a witness to testify at trial, Doug Block, should be reduced because Block resides in Cape Girardeau, not Poplar Bluff.[8] From the evidence submitted, it is unclear where Mr. Block resides. Consequently, this cost is reasonable.

Seventh, defendants ask the court to reject a Federal Express charge of $13.18, incurred on October 2, 2000, because there is no documentation of this charge and its reasonableness is not shown. The description supplied by plaintiff related to this charge is vague. See Plaintiff's Ex. A at 43. Thus, $13,18 will be reduced from the total costs incurred by Foland & Wickens.

Defendants' final argument related to plaintiff's motion for attorneys' fees and costs relates to a duplicate charge of $110.50 for mileage from Kansas City to Fulton to Booneville, Missouri. See Plaintiff's Ex. A at 43. Plaintiff admits that the duplication of this entry in her itemized list was

---

[8] Defendants assert that Mr. Block was overpaid for his attendance at trial because he was paid for excessive mileage.

a clerical error and does not contest a deduction for this amount. Therefore, costs in the amount of $110.50 will be deducted from Foland & Wickens' list of costs.

## Conclusion

The Court finds that an enhancement of the lodestar amount in this case is not appropriate. Furthermore, although some of the attorneys' fees included in plaintiff's records are not compensable, the majority of the hours devoted to this action by the attorneys are compensable. In addition, because some of the charges found in the records plaintiff presented to the court are vague, unspecific and do not permit the court to reasonably determine whether they are reasonably related to the litigation of plaintiff's case, some of the costs sought by plaintiff are not compensable. However, the majority of the costs are compensable. Defendants are jointly and severally liable for the attorneys' fees and costs of Foland & Wickens and Lisa Lange related to this case. Defendant Division of Youth Services of the Missouri Department of Social Services is liable for the attorneys' fees and costs of the Oliver Law Firm.

## Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document #0 filed September 4, 2001) asking that the court dismiss with prejudice Count II of the First Amended Complaint owing to lack of subject matter jurisdiction over the claim. Count II alleged retaliation against the plaintiff because she filed a grievance with the Missouri Department of Social Services claiming discriminatory scheduling practices at the Sears Youth Center. Defendants claim that Title 42 U.S.C. § 2000e-3 is not a valid exercise of Congress's authority under the Fourteenth Amendment to abrogate states' Eleventh Amendment immunity, citing Board of Trustees of Univ. of Ala. V. Garrett, ___ U.S.___ , 121 S.Ct. 955 (2001), and City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157 (1997). As the plaintiff points out in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, the Court of Appeals for the

Eighth Circuit has just recently ruled on this matter in <u>Maitland v. University of Minnesota</u>, 2001 WL 914196, ___ F.3d ___, (8th Cir. 2001), filed as recently as August 15, 2001.

Defendants argue that Congress, in enacting 42 U.S.C. § 2000e-3(a), exceeded its authority to abrogate a state's Eleventh Amendment immunity. Defendants urge: (1) there is no evidence in the legislative history that any states had engaged in a widespread pattern of retaliation against employees; (2) there was no evidence in the legislative history that states' legal remedies were ineffective in preventing the type of discrimination protected by Title VII; and (3) any remedy must be congruent and proportional to the wrong that it seeks to protect against.

> In the <u>Maitland</u> case, the defendants contended that
>
> Congress failed to identify a history and pattern of unconstitutional employment discrimination by the State against men when it enacted and amended Title VII, and that the rights and remedies created by Title VII are not "congruent and proportional" to that pattern of discrimination. <u>Bd. of Trs. of Univ. of Ala. V. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955, 964, 966, 148 L.Ed.2d 866 (2001); <u>see</u> <u>also</u> <u>City of Boerne v. Flores</u>, 521 U.S. 507, 520, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Accordingly, the defendants argue, Title VII claims brought by men do not abrogate the State's Eleventh Amendment immunity.

2001 WL 914196 at p. 5.

The Court continued, "We recently held in <u>Okruhlik v. University of Arkansas</u>, 255 F.3d 615 (8th Cir. 2001), that Title VII sex-discrimination claims against state employers are not barred by the Eleventh Amendment." <u>Id</u>. The <u>Maitland</u> opinion pointed out that in <u>Okruhlik</u> the Court held that Congress's enactment of and amendments to Title VII validly abrogated the States' Eleventh Amendment immunity. "Most importantly for our purposes here, we held that in enacting and amending Title VII, 'Congress expressed its unequivocal intent to abrogate immunity and acted pursuant to its constitutional authority' under Section 5 of the Fourteenth Amendment. <u>Id</u>. at 626." <u>Id</u>. The Court held in <u>Maitland</u> that to apply the reasoning of <u>Okruhlik</u> to men as well as to women does not require "a parsing of the legislative findings or review of the 'proportionality and congruity'

- 14 -

of remedies to determine whether the Eleventh Amendment bar also has been removed with respect to Title VII actions by men." Id. The same is true in applying the reasoning of Okruhlik to the instant case.

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby denied.

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law (Document #110-1) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Amendment of Judgment (Document #110-2) be **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in the Alternative for a New Trial or Remittitur (Document #110-3) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses and Suggestions in Support (Document #114) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendants, the Division of Youth Services of the Missouri Department of Social Services and Steve Prejean, with joint and several liability, pay the sum of $110,221.50 related to the attorneys' and paralegal fees incurred by Foland & Wickens, P.C., and $5,512.50 for attorneys' fees for Lisa Lange, for a total of $115,734.00.

**IT IS FURTHER ORDERED** that defendant Division of Youth Services of the Missouri Department of Social Services pay the sum of $31,212.50 in attorneys' fees to the Oliver Law Firm.

**IT IS FURTHER ORDERED** that defendants, the Division of Youth Services of the Missouri Department of Social Services and Steve Prejean, with joint and several liability, pay the sum of $9,006.28 related to costs incurred by Foland and Wickens, P.C., which are reasonable costs for this litigation.

**IT IS FURTHER ORDERED** that defendant Division of Youth Services of the Missouri

Department of Social Services pay the sum of $3,740.90 related to costs incurred by the Oliver Law

Firm, which are reasonable costs for this litigation.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (Document #0 filed September 4, 2001) be **DENIED**.

An Amended Judgment in this matter will be entered this date.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2001.

UNITED STATES DISTRICT COURT, EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 09/28/01 by cgould
                  1:97cv176    Warren vs Steward

42:2000e  Job Discrimination (Employment)

Barbara Frazier -  40369          Fax: 314-872-5194
Joanna Fryer -  59655             Fax: 312-627-1717
Karen Glickstein -                Fax: 816-472-6262
Lisa Lange -  69868               Fax: 573-332-0307
John Lynch -  3720                Fax: 314-340-7891
Denise McElvein -                 Fax: 314-340-7891

SCANNED & FAXED BY:

SEP 2 8 2001

CSG